[Crim. No. 2822.    Third Dist.    Mar. 31, 1959.]

THE PEOPLE, Respondent, v. SPENCER FRENCH, Appellant.

Hugh F. Melvin, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Appellant above-named has appealed from the judgment entered after a jury found him guilty of robbery in the first degree. Appellant requested this court to appoint counsel to represent him, and this court appointed Mr. Hugh F. Melvin, Jr., of the Sacramento Bar. Mr. Melvin has informed this court that after a careful review of the record he has concluded that no meritorious grounds for appeal exist. Although no briefs have been filed, we have carefully reviewed the entire record.

It appears from the record that about 8:30 p. m., Sunday, December 30, 1956, two men walked into the Riverside Market in Sacramento. One of the men walked over to the check stand. The other, who was about 6 feet tall and had gray hair, was later identified at the trial as appellant. He walked over to the produce department where one of the proprietors, Benjamin Erhardt, was. He was carrying a gun which was described as smaller than a .45. He told Ben Erhardt to "Take it easy and nobody will get hurt." Ben Erhardt was forced to go to the check stand where he and his brother were compelled to remove the money from two cash registers. The two robbers than fled. The total amount taken in the robbery was $460. Several weeks later appellant was arrested. In the interim he had dyed his hair black or dark brown. Near where he was arrested was an automobile belonging to a Paul Isom in which was found a Belgian automatic similar to a .32 caliber and a pair of dark glasses. The gun was identified as the one used in the robbery, and the glasses were similar to those worn by the gunman.

The defense was an alibi. French testified that he and a Paul Isom and a Betty Johnson left the Welcome Grove Motel about 7 p. m. the evening of the 30th enroute to Portland. They stopped at a restaurant south of Williams where they ate dinner. Then they drove to Red Bluff where they stopped at a gas station. After leaving Red Bluff they made an incorrect turn and traveled some distance south on 99-E until French was aware of the error, and they then turned and drove to Redding, which they reached about midnight.

They went to the Old Crow Bar where they had a few drinks. Isom then went to the Western Union office where he transacted some business, and then they registered at the Golden Eagle Hotel. The next morning they left for Portland where French had his hair dyed. French denied ever seeing the gun or the glasses.

In support of French's testimony the defense introduced a registration card of the Golden Eagle Hotel, dated December 30, 1956, which was signed by French and Isom. The desk clerk, however, testified that the parties had registered about 2 a. m. on the 31st. The practice of the hotel was not to change the date until 7 a. m. the following morning. The defense established that Isom sent a money order from the Western Union office sometime after 11 p. m. of the 30th. The clerk testified that the transaction took place about 1:30 a. m. There was also testimony from which the jury could have found that French was in a restaurant in Dunnigan about 8 p. m. and in Red Bluff about 10 p. m.

While the testimony presented by the appellant created a conflict, the testimony of Erhardt identifying appellant as the man who had the gun was in itself sufficient to sustain the verdict.

We are convinced that the appellant was ably defended, that he received a fair trial, that the jury was fully and correctly instructed, and that the evidence is sufficient to support the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.